UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------ X
                                                                   :
In re:                                                             :   Chapter 11
                                                                   :
Décor Holdings, Inc., et al.,[1]                                   :   Case No. 19-71020 (REG)
                                                                   :   Case No. 19-71022 (REG)
                          Debtors.                                 :   Case No. 19-71023 (REG)
                                                                   :   Case No. 19-71024 (REG)
                                                                   :   Case No. 19-71025 (REG)
                                                                   :
                                                                   :   Joint Administration Requested
------------------------------------------------------------------ X
```

### ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN RAS MANAGEMENT ADVISORS, LLC TO PROVIDE THE DEBTORS WITH A CHIEF RESTRUCTING OFFICER AND CERTAIN ADDITIONAL PERSONNEL *NUNC PRO TUNC* TO THE PETITION DATE

Upon consideration of the application (the "Application")[2] of Décor Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for an order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code: (a) authorizing the Debtors to retain RAS Management Advisors, LLC ("RAS"), pursuant to the terms and conditions of that certain letter agreement between RAS and the Debtors dated December 17, 2018 (the "Engagement Date") and as modified and amended on January 14, 2019 (collectively, the "Engagement Letter"), to provide (i) Timothy D. Boates as Chief Restructuring Officer ("CRO"), and (ii) additional RAS personnel (the "Additional RAS Personnel" and, together with the CRO, the "RAS Professionals"); (b) providing that the employment of the RAS Professionals is effective *nunc pro tunc* as of the commencement of these cases (the "Petition Date"); and (c) granting certain related

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Décor Holdings, Inc. (4174); Décor Intermediate Holdings LLC (5414); The Robert Allen Duralee Group, Inc. (8435); The Robert Allen Duralee Group, LLC (1798); and The Robert Allen Duralee Group Furniture, LLC (2835). The corporate headquarters and the mailing address for the Debtors listed above is 49 Wireless Boulevard, Suite 150, Hauppauge, NY 11788. The Debtors also maintain a separate corporate office at 2 Hampshire Street, Suite 300, Foxboro, MA 02035.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to those terms in the Application.

relief; and the Court having reviewed the Application and the Boates Declaration in support of the Application; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application being sufficient under the circumstances and that no further notice need be given; and after due deliberation the Court having determined that the legal and factual bases set forth in the Application and at the hearing thereon establish just cause for the relief granted herein; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED to the extent set forth herein.

2. The Debtors are authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to employ RAS and the RAS Professionals to provide the Services in accordance with the terms and conditions set forth in the Engagement Letter, as modified herein and in the Application, effective *nunc pro tunc* as of the Petition Date.

3. Notwithstanding anything in the Application or the Engagement Letter to the contrary:

    (a) The RAS Professionals, RAS and their affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the Chapter 11 Cases.

    (b) In the event the Debtors seek to have the RAS Professionals assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new executive officers, or (iii) altering or expanding the scope of the engagement, the Debtors shall file a motion or application to modify the retention with the Court.

    (c) RAS shall file with the Court, and serve on the Notice Parties, a Staffing Report by the 30th of each month for the previous month, which shall include the names and functions filled by all RAS Professionals assigned

    to the engagement. The Staffing Report (and RAS' staffing for this matter) shall remain subject to review by the Court in the event so requested by any of the Notice Parties.

(d)  RAS shall file with this Court, and serve upon the Notice Parties, Compensation Reports on a quarterly basis, which Compensation Reports will be filed by the 30th of the month following the end of the previous quarter. The Compensation Reports shall summarize the service provided, identify the compensation earned by each RAS Professional, itemize expenses incurred and provide for an objection period of twenty-one (21) days from the filing and service of the Compensation Report. All such compensation would be subject to review by this Court if an objection is filed.

(e)  Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the local bankruptcy rules of this Court, any other orders of this Court, or any guidelines regarding submission and approvals of fee applications, RAS and the RAS Professionals shall be excused from keeping time summaries for services rendered in one-tenth (0.10) of an hour increments and instead RAS is hereby authorized to record its time summaries in one-half (0.50) of an hour increments for purposes of Staffing Reports and Compensation Reports.

(f)  During the course of the Chapter 11 Cases, RAS will only seek reimbursement of actual and necessary expenses itemized in the monthly Staffing Report.

(g)  No principal, employee or independent contractor of RAS or its affiliates shall serve as a director of any of the Debtors during the pendency of the above-captioned cases.

(h)  Without prejudice to parties' rights pursuant to Paragraphs 3(c) and 3(d) hereof, the Debtors are authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by RAS for fees and expenses incurred in connection with RAS' retention.

(i)  For a period of three (3) years after the conclusion of RAS' engagement, neither RAS nor any of its affiliates shall make any investments in the Debtors or any reorganized Debtors.

(j)  RAS shall disclose any and all facts that may have a bearing on whether RAS, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this paragraph is a continuing obligation.

(k)  The Debtors are authorized to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other

        officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policies.

    (l)    There shall be no indemnification of RAS or its affiliates.

4.    With respect to controversies or claims arising out of or in any way related to the services in the Engagement Letter, notwithstanding any arbitration, dispute resolution or exclusive jurisdiction provisions contained in the Engagement Letter, any disputes arising under the Engagement Letter shall be heard in this Court during the pendency of these cases.

5.    To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

6.    Notwithstanding any Bankruptcy Rule (including, without limitation, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.    The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted by this Order.

8.    This Court shall retain jurisdiction to hear and determine all matter arising from or relating to the implementation or interpretation of this Order.

**No Objection**

**s/Christine H. Black**
Assistant United States Trustee
Office of the United States Trustee



**Dated: Central Islip, New York**
       **March 22, 2019**

                                        **Robert E. Grossman**
                                 **United States Bankruptcy Judge**