| | |
|---|---|
| Office of the United States Trustee | **Hearing Date and Time:** |
| 560 Federal Plaza | **April 8, 2019 @ 10 a .m.** |
| Central Islip, New York 11722 | |
| (631) 715-7800 (telephone) | **Objections Due:** |
| (631) 715-7777 (facsimile) | **April 4, 2019 @ 5 p.m.** |
| Christine H. Black, Esq. | |
| Assistant United States Trustee | |
| Stan Y. Yang, Esq. | |
| Trial Attorney | |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x     Chapter 11
In re

**DÉCOR HOLDINGS, INC., et. al.,**     Case No. 19-71020 (reg)
                                                                                                                          Case No. 19-71022 (reg)
                                                                                                                          Case No. 19-71023 (reg)
                                    Debtors.                    Case No. 19-71024 (reg)
                                                                                                      Case No. 19-71025 (reg)

                                                                                                                          (Jointly Administered)

-------------------------------------------------------------x

**UNITED STATES TRUSTEE'S OBJECTION TO THE
ADEQUACY OF THE DISCLOSURE STATEMENT**

TO:    THE HONORABLE ROBERT E. GROSSMAN;
          UNITED STATES BANKRUPTCY JUDGE:

        WILLIAM K. HARRINGTON, the United States Trustee for Region 2, by his

counsel, in furtherance of his statutory duties under 28 U.S.C. section 586 interposes the within

objection to the adequacy of the Disclosure Statement for the Plan of Liquidation Under Chapter

11 of the Bankruptcy Code of Decor Holdings, Inc., et al., (the "Disclosure Statement"). In

support of his objection, the United States Trustee represents and alleges as follows:

1

**PRELIMINARY STATEMENT**

1. The Disclosure Statement should not be approved in its present form. The proposed voting deadline will close prior to the auction sale and the Disclosure Statement does not contain any information concerning the proposed distribution to creditors. Further, the proposed Plan of Reorganization is premised upon the substantive consolidation of the Debtors, but the Disclosure Statement fails to provide a factual basis to enable creditors to determine whether substantive consolidation is appropriate. While a separate liquidation analysis may not be required for each of the Debtors, the Disclosure Statement contains no liquidation analysis in tabular form. As currently formulated, the Disclosure Statement fails to satisfy the standards governing adequate information and absent amendments, it should not be approved.

**FACTS**

2. On February 12, 2019 Decor Holdings, Inc., Décor Intermediate Holdings LLC, The Robert Allen Duralee Group, Inc., The Robert Allen Duralee Group, LLC, and the Robert Allen Duralee Group Furniture LLC, (the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. On February 13, 2019 the Court entered an order providing for the joint administration of the Debtors' cases (ECF Docket No. 25).

4. On March 19, 2019 the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") (ECF Docket No. 156), and on March 22, 2019 the United States Trustee filed an Amended Notice of Appointment (ECF Docket No. 174).

To date, the Committee has not retained counsel. [1]

5. Pre-petition, the Debtors operated as the second largest supplier of decorative fabrics and furniture to the design industry in the United States and during fiscal year 2018 attained net sales of approximately $135 million.

6. Upon filing, the Debtors' goal was to sell its assets as a going concern. The Debtors retained SSG Advisors LLC (ECF Docket No. 171) as financial advisors to market the assets, and entered into debtor in possession financing arrangements with its pre-petition lenders to finance the Debtors pending the sale. As of this date, the Court has not approved the final debtor in possession financing order and the Debtors are operating under an interim order. Nonetheless, under the terms of ratification agreement accepted as part of its financing, the Debtors consented to a number of bench marks resulting in a compressed timeframe within which to sell the assets.

7. On March 18, 2019 the Debtor filed the Disclosure Statement (ECF Docket No. 151) and the Plan of Liquidation (the "Plan") (ECF Docket Number 152) and a Motion for an Order Approving the Disclosure Statement Establishing Plan Solicitation and Voting Procedures and Scheduling a Confirmation Hearing and Establishing Notice and Objection Procedures for Confirmation of the Debtors' Chapter 11 Plan of Liquidation (the "Motion")(ECF Docket No. 148).

8. The Plan classifies creditors into six classes of claims and one class of interests. Senior secured claims are classified as Class 1, Junior Secured Claims are classified as Class 2, Other Secured Claims are classified as Class 3 and Other Priority Claims are classified

---

[1] On April 3, 2019 Schuyler G. Carroll filed a Notice of Appearance and Request for Notice on behalf of the Official Committee of Unsecured Creditors (ECF Docket No. 204)

as Class 4    Allowed Unsecured Claims are classified as class 5.    Inter-Company Claims are classified as Class 6 and Equity Interests are classified as Class 7.   Class 4 is unimpaired, Classes 6 and 7 are deemed to have rejected the Plan. Classes 1, 2, 3 and 5 are the only classes eligible to vote.

9. The Disclosure Statement advises creditors that the voting deadline is April 26, 2019.   The auction of the Debtors' assets will occur on April 29, 2019.   The Disclosure Statement contains no information concerning the possible distribution to creditors.

10. The Plan provides for the Debtors' substantive consolidation, and appointment of a plan administrator ("Plan Administrator").

11. The Disclosure Statement contains no explanation or rationale for the substantive consolidation, and with respect to the Plan Administrator, contain only in the most general of terms, an explanation of the Plan Administrators' duties or information concerning the post-confirmation compensation.

12. There is at least one section of the Disclosure Statement that is blank (see page 18).

## APPLICABLE LAW

**A Disclosure Statement Must Provide Sufficient Information
So Creditors May Make an Informed Judgment About Voting on the Plan**

13. Section 1125(b) of the Bankruptcy Code provides:

> An acceptance or rejection of a plan may not be solicited after the commencement of a case. . . unless at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan and a written disclosure statement approved, after notice and hearing by the court as containing adequate

> information. . . .

11 U.S.C. section 1125(b).

14. "Adequate information" with the meaning of section 1125(b) requires:

> Information of a kind, and in sufficient detail, as far is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan.

11 U.S.C. section 1125(b).

15. Case law under section 1125 of the Bankruptcy Code has produced a list of factors, disclosure of which may be mandatory, under the facts and circumstances of a particular case, to meet the statutory requirements of section 1125. *In re Metrocraft Publishing Services, Inc.*, 39 B.R. 567 (Bankr. N.D. Ga. 1984). However, disclosure of all of the factors is not necessary in every case. *Id.* Conversely, the list is not exhaustive and a case may arise in which disclosure of all of the enumerated factors is still not sufficient. *Id.* The relevant factors are:

> (1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtors; (11) the chapter 11 plan or summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectability of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan;

5

> (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a non-bankruptcy context; (18) tax attributes of the debtor: and (19) the relationship of the debtor with affiliates.

39 B.R. at 586; *See also In re Cardinal Congregate I*, 121 Br. 760, 765 (Bankr. S.D.Ohio 1990)

(citing *In re Scioto Valley Mortgage Co.,* 88 B.R.168, 170-171 (S.D. Ohio 1988)).

## ARGUMENT

**The Disclosure Statement Fails to Provide Adequate Information**
**Because there is Insufficient Information Concerning the**
**Proposed Distribution to Creditors**

16.    The Disclosure Statement at pages 5 through 6 contains a chart setting forth a description of the proposed treatment under the Plan.   But, under the chart heading, "Projected Estimated Recovery Under the Plan," for every class, with the exception of Classes 6 and 7, the amount provided is:    "0%-___%."

17.    While the inability to provide any information on the proposed distribution may be a function of the timing of the auction, such non-information, is incompatible with the Debtors' disclosure obligations under Bankruptcy Code section 1125 as interpreted by the case law cited herein.   Asking creditors to vote on a treatment that is not disclosed is inappropriate. At a minimum, the Debtors should provide creditors with several possible outcomes together with a supporting explanation as to why the proposed treatment could or could not occur.

**The Disclosure Statement Fails to Provide Adequate Information**
**Because there is Insufficient Information Concerning the Appropriateness of**
**Substantive Consolidation of the Debtors' Estates**

18.     The Second Circuit determined that "[T]he sole purpose of substantive consolidation is to ensure the equitable treatment of all creditors." *In re Augie/RestivoBaking Co., Ltd.,* 860 F.2d 515, 518 (2d Cir. 1988).   In determining whether substantive consolidation is appropriate the proponent must establish that: creditors dealt with the entities as a single economic unit, not relying upon their separate identities in extending credit; or that the affairs of the debtors are so entangled that consolidation will benefit all creditors.   *Id. 518 (internal cites omitted).*   This test is in the disjunctive and the satisfaction of either prong can justify substantive consolidation.   (*See Official Comm. of Unsecured Creditors v. Am. Tower Corp. (In re Verestar, Inc.,)* 343 B.R. 444, 463 (Bankr. S.D.N.Y. 2006)).

19.     Debtors seeking the extraordinary relief of substantive consolidation must provide creditors with ample information so creditors can determine whether to accept or reject a plan (*See generally, Chem Bank N.Y. v. Kheel,* 369 F.2d 845, 847 (2d Cir. 1966) "the power to consolidate should be used sparingly because of the possibility of unfair treatment of creditors of a corporate debtor who have dealt solely with that debtor without knowledge of its interrelationship with others.").

20.     Effectively, substantive consolidation provides for the satisfaction of the liabilities of the consolidated debtors from the common pool of assets, intercompany claims are eliminated and guaranties from co-debtors disregarded. (*see In re Republic Airways Holdings,*

*Inc.,* 565 B.R. 710, 716 (S.D.N.Y. 2017) citing *In re Worldcom, Inc.*, 2003 WL 23861928, at *35 (Bankr. S.D.N.Y. Oct. 31, 2013) (citations omitted)).

21. In the Second Circuit "[C]ourts 'use a balancing test to determine whether the relief achieves the best result for all creditors . . . . and (the substantive consolidation factors) should be evaluated within the larger context of balancing the prejudice resulting from the proposed consolidation against the effect of preserving separate debtor entities." *Republic Airways,* supra., 565 B.R. at 717 (internal cites omitted). The debtor carries the burden of proving the appropriateness of substantive consolidation. *In re Jennifer Convertibles, Inc.*, 447 B.R. 713, 723 (Bankr. S.D.N.Y. 2011).

22. The Plan proposes to distribute the sale proceeds on a consolidated basis, and to cancel the inter-company debt and guarantees. There may be ample reasons for substantively consolidating the Debtors' estates, but the Debtors have provided no rationale or information to the creditors explaining how the consolidation of the estates will affect them and the proposed distributions. Creditors should be afforded an opportunity to understand the effects of the substantive consolidation, prior to voting to accept or reject the Plan.

**The Disclosure Statement Fails to Provide Adequate Information
Because there is Insufficient Information Concerning Whether the Plan
<u>Satisfies the Best Interest of Creditors</u>**

23. Under the Bankruptcy Code at section 1129(a)(7) to confirm a plan of reorganization the proponent must satisfy the best interests of creditors test. Generally, plan proponents do so by providing creditors with a liquidation analysis demonstrating that the proposed distribution under the plan exceeds the distribution under a chapter 7 liquidation.

24. While there is some support for the position that substantive consolidation may excuse the requirement for a separate liquidation analysis for each estate (*See Jennifer Convertibles, supra.,* 447 B.R. at 725), in the instant case, not only have the Debtors failed to provide any supporting information concerning the appropriateness of substantive consolidation, but the proposed Disclosure Statement fails, even on a consolidated basis, to provide a liquidation analysis in a tabular format disclosing the all of the Debtors' assets and liabilities and the distribution to creditors under a chapter 7 liquidation.

**There is Inadequate Disclosure Concerning the Plan Administrator and
The Terms of Post-Petition Compensation**

25. The Disclosure Statement at Section VII entitled "Means For Implementation of the Plan" at subsection D, indicates that a Plan Administrator will be appointed on the Effective Date and that the Plan Administrator's proposed compensation will be disclosed in annexed Schedule A. There is no annexed Schedule A. Accordingly, the Disclosure Statement should be amended to provide the additional information. In the event the Debtors anticipate filing a plan supplement, if that plan supplement contains information that is material to a creditors' decision to vote to accept or reject the Plan, the plan supplement should be part of the Disclosure Statement.

## CONCLUSION

26. The Disclosure Statement fails to provide adequate information to enable a hypothetical, reasonable investor, typical of the holders of claims, to make an informed judgment

about the Plan. The Disclosure Statement fails to adequately inform creditors as to the amount of the proposed distributions, fails to contain an explanation as to why substantive consolidation is appropriate and the effect that substantive consolidation will have on the distribution to creditors. The Disclosure Statement fails to contain a liquidation analysis in tabular form.   Finally, the Disclosure Statement fails to provide adequate information concerning the Plan Administrator's post-confirmation compensation. Absent amendments, the Disclosure Statement should not be approved.

**WHEREFORE,** based upon the foregoing it is respectfully requested that the Disclosure Statement not be approved in its present form and that the Court grant such other and further relief as may be just and proper.

DATED:   Central Islip, New York         WILLIAM K. HARRINGTON
          April 4, 2019                             UNITED STATES TRUSTEE - REGION 2
                                                                Alfonse D'Amato Federal Courthouse
                                                                560 Federal Plaza
                                                                Central Islip, New York 11722
                                                                Telephone (631) 715 7800

                                                               By: ***/s/ Christine H. Black***
                                                                     Christine H. Black
                                                                     Assistant U.S. Trustee

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re

|  |  |
|---|---|
|  | Chapter 11 |
| **DÉCOR HOLDINGS, INC., et. al.,** | Case No. 19-71020 (reg) |
|  | Case No. 19-71022 (reg) |
|  | Case No. 19-71023 (reg) |
| Debtors. | Case No. 19-71024 (reg) |
|  | Case No. 19-71025 (reg) |
|  |  |
|  | (Jointly Administered) |

-------------------------------------------------------------x

## **CERTIFICATE OF SERVICE**

      I, Joann C. Lomangino, an employee of the Office of the United States Trustee, hereby certify that on April 4, 2019, prior to 5 p.m., I served the within United States Trustee's Objection to the Adequacy of the Disclosure Statement by facsimile transmission, electronic mail service, and first class mail to those persons whose names and addresses appear on the annexed service list.

DATED:   Central Islip, New York
             April 4, 2019

                                                                */s/ **Joann C. Lomangino***

## Service List

Mark T. Power, Esq.
Janine M. Figueiredo, Esq.
Hahn & Hessen LLP
488 Madison Avenue
New York, New York   10022
Facsimile No.   212 478 7400
MPower@Hahnhessen.com
JFigueiredo@Hahnhessen.com


Jonathan N. Helfat, Esq.
Daniel F. Fiorillo, Esq.
Otterbourg P.C.
230 Park Avenue
New York, New York
Facsimile No.   212 682 6104
jhelfat@otterbourg.com
dfiorillo@otterbourg.com


Schuyler G. Carroll, Esq.
Perkins Coie LLP
30 Rockefeller, 22nd Floor
New York, New York   10112-0085
Facsimile No.   212 977-1649
SCarroll@perkinscoie.com

Jeffrey C. Wisler, Esq.
Connolly Gallagher   LLP
1201 North Market Street, 20th Floor
Wilmington, Delaware   19081
Facsimile No.   302 658 0380
jwisler@connollygallagher.com